BARNES *v.* LITTLE.

4-5600                                    132 S. W. 2d 651

Opinion delivered October 30, 1939.

*Virgil Greene* and *T. J. Crowder,* for appellant.

*Reid* and *Evrard,* for appellee.

HUMPHREYS, J.   On the ninth day of August, 1937, appellant, who owned a fleet of trucks and trailers and who was engaged in hauling cottonseed to Memphis and lumber and other commodities and merchandise to different points bought a truck from appellee, who was engaged in selling trucks, parts, gasoline, etc., and executed a note and mortgage for same in the sum of $927, due and payable in three installments, the last installment being due and payable on December 1, 1937, bearing interest at 10 per cent. per annum.   The mortgage provided that it should secure the note and any other indebtedness contracted subsequent to the date of the chattel mortgage.   The chattel mortgage not only covered the truck purchased, but several other trucks and trailers owned by appellant.

On November 4, 1937, appellant paid $300 on the note.   About that time an account was opened on the books of appellee against appellant charging many items of parts, repairs and gasoline to him down to and including March 25, 1938.

Appellant defaulted in the payment of the note and balance due upon the account, whereupon a replevin suit was brought by appellee against appellant in the circuit court of Mississippi county, Chickasawba district, to reduce the property described in the mortgage to possession of appellee for the purpose of selling same to satisfy the alleged balance due upon the note and open account.   No question was made as to the regularity of the replevin proceeding, the identity of the property seized under the writ, or the balance due on the note. No answer was filed, but, notwithstanding, the cause proceeded to a hearing before a jury under stipulation, presumably oral, between the parties that the only question in dispute was the amount due appellee on the open

account under the provisions of the mortgage and stating that this question alone was to be submitted to the jury.

The cause was submitted to a jury upon the evidence and instructions of the court which resulted in a verdict and consequent judgment for the amount sued for against appellant and his bondsmen who had signed a retaining bond for the property which bond was conditioned that they would perform the judgment of the court.

From this verdict and judgment an appeal has been duly prosecuted to this court.

The itemized statement of the open account taken from the books showed that the items contained in the open account were purchased by appellant, his son and a number of his truck drivers. Whenever a purchase was made according to the books a duplicate for the amount purchased and the items thereof was signed by either appellant, his son or his truck drivers. Most of them were signed by his truck drivers. This account and the books from which it was made up show that during the period for which the account ran many payments were made upon same by appellant. The statement of the account embracing credits and debits and including the balance and interest due on the note showed a balance due from appellant to appellee of $934.12. This book account was open at any time for the inspection of appellant and he did inspect it at one time according to his own admission as much as he wanted to and he stated that if he had desired he guessed he could have looked all through it. Dee Hammock, who was an employee of appellee and had charge of the books and accounts, testified that a statement of the account was sent to appellant every month and that prior to the institution of the replevin suit he presented a duly verified account showing the items charged and credits allowed including balance due on the note, to appellant. He also testified that when appellant's account got to be some size he pressed him on many occasions and called at his home on other occasions in an effort to collect the account. Appellee testified that Mr. Hammock "kept the road hot"

in an attempt to collect the account, to which statement appellant objected and excepted.

In the course of the trial appellant and his son testified that they told Hammock and appellee not to sell the truck drivers anything, but both Mr. Hammock and appellee denied that either ever told them not to make the sales to their truck drivers.

Appellant and his son testified that they did not authorize these truck drivers to buy gasoline, parts, etc., from appellee and that the truck drivers were furnished money to buy all things necessary for the operation of the trucks. The record also reflects that appellee knew that the trucks were being operated by appellant and that the trucks were being driven by the truck drivers who signed the duplicate receipts for each purchase. As we understand the record it is practically conceded that all the items charged for gasoline, etc., were used in appellant's fleet of trucks and that all the repairs made were upon appellant's trucks. Appellee and his employee, Hammock, did not make any inquiry or at least did not testify to having made any inquiry from the truck drivers in making these purchases whether they had authority from appellant to buy gasoline, repairs, etc., and there is no direct evidence by either to the effect that they asked appellant or his son whether such authority had been given to the truck drivers.

Instructions were given defining the law of implied and apparent authority of an agent to act for his principal so as to bind him. The court gave instruction No. 2, which is as follows:

''The authority that an agent has, the direct authority, is the authority given to him by his principal. That is actual authority. Apparent authority will bind the principal the same as direct or actual authority. Apparent authority simply means this, gentlemen, that the agent has such authority as he appears to have under all the facts and circumstances of the case, as a person of ordinary care, caution and prudence would reasonably suppose he would have from the actual authority that was actually given him. If he acts beyond the scope of his authority, real or apparent, he is bound by it, and

you will determine from the evidence here, as I say, what the defendant Barnes owes to the plaintiff, Tom Little Chevrolet Company, in your verdict, which will be interrogatory."

Appellant made the following objection to the instruction: "I object to the instruction on apparent authority and want this added—that one who deals with an agent, it is incumbent on him to determine or find out what the authority of the agent is to bind his principal."

When the objection was made the court said: "I think I have made this clear. Apparent authority simply means the authority that he appears to have by reason of the actual authority that is given him. It is that authority that his principal holds him out as having. A person dealing with the agent of course is bound to ascertain his authority, whether it be actual or apparent, and if he has no authority, either actual or apparent, then he can't bind the principal."

The only objection made to the instruction as we understand the record, was in the form of a request that there be added to the instruction the statement "that one who deals with an agent, it is incumbent on him to determine or find out what the authority of the agent is to bind his principal." The court then told the jury that "A person dealing with the agent of course is bound to ascertain his authority, whether it be actual or apparent, and if he has no authority, either actual or apparent, then he can not bind the principal." This addition to the instruction made by the court met the only objection which appellant made to same.

Appellant contends that there is no substantial evidence to support the verdict. According to the books quite a number of payments were made by appellant on the account leaving a balance due appellee on the open account of $259.62. The evidence also tended to show that a statement of this account was furnished monthly and that the account showed to whom each sale was made and that many payments were made by him on the account and that same was open to appellant for inspection and that he did inspect same and made no objection to any of the items. Under these circumstances we think

the jury was warranted in finding that the truck drivers had at least apparent authority to buy gasoline for the trucks they were operating and necessary parts and repairs for same. Of course, appellee could not have sold them gasoline for the use of the trucks nor repairs made on them if appellant and his son had told him not to sell the truck drivers anything on appellant's credit. This issue of fact was submitted to the jury and they necessarily found that no such instructions had been given by appellant and his son to appellee.

We, therefore, have concluded that there is ample evidence to sustain the verdict and judgment of the court.

Appellant saved an exception to the statement of appellee that Hammock "kept the road hot" when Hammock was trying to collect the account. This was simply a form of expression used in conveying to the jury that he made many efforts to collect the account and could not have prejudiced appellant.

Appellant contends that the court exceeded its authority in ordering appellee to sell the property and apply the proceeds thereof as a payment on the judgment. This authority was vested in appellee under the terms of the mortgage and we are unable to see that appellant was prejudiced by the order of the court directing appellee to sell the property under the terms of the mortgage. We can not tell from the record whether the property was present in court or not as a retaining bond had been given for it, but we presume that no such order would have been made by the court unless the property had been returned to the officer and was present in court. It is true the order directed that the property be sold for its present value, but it seems to us that that direction was for the benefit of appellant himself. At least appellant made no specific objection to such direction and his attorney consented to the precedent drawn for the judgment entry.

No error appearing, the judgment is affirmed.